(A.R.D. 172)

UNITED STATES *v.* C. J. TOWER & SONS

Entry No. 3445, etc.

Second Division, Appellate Term

(Decided on remand [Abstract 68071] April 21, 1964)

*John W. Douglas,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the appellant.

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: These applications for review come before us by virtue of a remand by the appellate court. *C. J. Tower & Sons* v.

*United States,* 50 CCPA 76, C.A.D. 824. These cases have been the subject of decision in *Same* v. *Same,* 40 Cust. Ct. 719, Reap. Dec. 9092; rehearing granted 40 Cust. Ct. 797, Reap. Dec. 9133; on rehearing *Same* v. *Same,* 44 Cust. Ct. 532, Reap. Dec. 9579; *United States* v. *C. J. Tower & Sons,* 48 Cust. Ct. 683, A.R.D. 139.

The trial court, in both instances, held the proper basis for appraisement of the involved merchandise was cost of production. An application for review by this division reversed the trial court holding export value to be the proper basis for appraisement based on the finding that nonrubber-tipped bobby pins and rubber-tipped bobby pins were similar. The appellate court found that rubber-tipped bobby pins and nonrubber-tipped pins were not similar and, accordingly, reversed and remanded this matter for a determination of value.

In view of the findings in C.A.D. 824, *supra,* we find the involved rubber-tipped bobby pins are properly subject to appraisement on the basis of cost of production, as defined in section 402(f) of the Tariff Act of 1930. We, accordingly, adopt the reasoning and findings of the trial court in its decision in Reap. Dec. 9579, with the exception of the exclusion of advertising costs in the usual general expenses.

We are of the opinion that advertising costs paid for by the manufacturer whether in trade publications or in magazines directed toward the ultimate consumer, as is the case herein, should properly be included in the general expenses in determining costs of production under section 402(f), *supra,* since, in either event, the advertising inures to the benefit of the manufacturer. *United States* v. *Alfred Dunhill of London, Inc.,* 32 CCPA 187, C.A.D. 305.

In view of the above, the amounts included in the cost of production, as defined in section 402(f), *supra,* as found in Reap. Dec. 9579, at page 539, should be modified, as follows:

Section 402 (f)

| Item No. | (1) Materials and fabrication | Usual general expenses: (2) | | | | Sum of (1) and (2) | (3) Packing | (4) Profit | Cost of production |
| | | Factory | Office | Selling | Total | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 18 | Can. $2.37 | $0.72 | $0.36 | $0.81 | $1.89 | $4.26 | $0.18 | $0.34 | Can. $4.78 |
| 24 | 2.40 | 0.75 | 0.33 | 0.81 | 1.89 | 4.29 | 0.18 | 0.34 | 4.81 |
| 54 | 6.72 | 2.25 | 0.92 | 2.43 | 5.60 | 12.32 | 0.18 | 0.99 | 13.49 |
| 72 | 6.82 | 2.25 | 0.93 | 2.43 | 5.61 | 12.43 | 0.20 | 0.99 | 13.62 |

On the entire record, we find as matters of fact:

(1)   That the merchandise involved herein consists of rubber-tipped bobby pins of patented construction, imported from Canada during the years 1952, 1953, and 1954.

(2)   That, at or about the times of exportation involved herein, neither such nor similar merchandise was freely offered for sale to all purchasers for home consumption in Canada or for exportation to the United States.

(3)   That, at or about the times of exportation involved herein, neither such nor similar merchandise was freely offered for sale to all purchasers in the principal market of the United States.

(4)   That, at or about the times of exportation involved herein, the elements of cost of production applicable to the involved merchandise were as shown in the summations set forth above.

We conclude as matters of law:

(1)   That the proper basis of value for the merchandise at bar is cost of production, as defined in section 402(f), Tariff Act of 1930, and

(2)   That such cost of production for each of the items involved is as follows:

| | Merchandise exported | |
| Item No. | Prior to Nov. 1954 | After Nov. 1954 |
|---|---|---|
| 18 | Can.   $4.78 | Can.   $4.81 |
| 24 | 4.81 | 4.84 |
| 54 | 13.49 | 13.52 |
| 72 | 13.62 | 13.65 |

The decision and judgment of the trial court in Reap. Dec. 9579, *supra*, holding cost of production to be the proper basis of value for the involved merchandise, as defined in section 402(f) of the Tariff Act of 1930, are affirmed.   The values found are modified to the extent indicated, *supra*.

Judgment will be entered accordingly.